Goyard NY, LLC v Friedland Props., Inc. (2022 NY Slip Op 01387)





Goyard NY, LLC v Friedland Props., Inc.


2022 NY Slip Op 01387


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Renwick, J.P., Gesmer, Moulton, Rodriguez, Pitt, JJ. 


Index No. 652171/18 652224/18 Appeal No. 15440 Case No. 2021-03960 

[*1]Goyard NY, LLC, Plaintiff,
v
Friedland Props., Inc., et al., Defendants-Appellants, United Drilling & Cutting Corp., Defendant, Scalpel Constr., Inc., Defendant-Respondent.
DFAWEAST, LLC, Nonparty Plaintiff,
v
Friedland Props., Inc., et al., Defendants-Appellants, United Drilling & Cutting Corp., Defendant, Scalpel Constr., Inc., et al., Defendants-Respondents.


Hannum Feretic Prendergast & Merlino, LLC, New York (John E. Hannum of counsel), for appellants.
Law Offices of James J. Toomey, New York (Evy L. Kazansky of counsel), for respondents.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about January 13, 2021, which, to the extent appealed from, denied defendants-appellants' (defendants) motion for summary judgment on their first, second, and third cross claims against defendants Scalpel Construction, Inc., Scalpel Contracting, Inc. (together, Scalpel), and United Drilling & Cutting Corp., unanimously affirmed, without costs.
The court correctly concluded that defendants were not entitled to conditional summary judgment on the cross claims for contractual indemnification against Scalpel, as it has not been determined either that the alleged property damages resulted from Scalpel's performance of the work, or that Scalpel was negligent. Both are required to trigger the indemnification clause (see Delgaudio v Townhouse Co. LLC, 189 AD3d 429, 430 [1st Dept 2020]). Defendants also did not establish their entitlement to summary judgment on their common-law indemnification or contribution claims (see Hammer v ACC Constr. Corp., 193 AD3d 455, 457 [1st Dept 2021]; Muqattash v Choice One Pharm. Corp., 162 AD3d 499, 500-501 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022